UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY AEROSPACE THERMAL
SYSTEMS, LLC,

        Plaintiff,

v.

ABF FREIGHT SYSTEM, INC,

        Defendant.

_____/

Case No. 15-12227

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE
ALTERNATIVE, TO CERTIFY THE COURT'S JUNE 9, 2016 OPINION AND ORDER
FOR INTERLOCUTORY APPEAL [35]**

Plaintiff brings this action under the Carmack Amendment, 49 U.S.C. § 14706 *et seq.*,
to recover losses incurred after its aircraft parts were damaged during shipment by
Defendant carrier. The parties filed cross-motions for partial summary judgment on the
issue of whether the parties agreed to limit Defendant's liability. On June 9, 2016, the Court
granted partial summary judgment for Defendant. (Dkt. 32.) Plaintiff seeks reconsideration
of that opinion and order, or in the alternative, requests that the Court certify that order for
interlocutory appeal. For the reasons stated below, the Court DENIES the motion.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party
may file a motion for reconsideration within fourteen days after a court issues an order to
which the party objects. Although a court has the discretion to grant such a motion, it
generally will not grant a motion for reconsideration that "merely present[s] the same issues
ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R.
7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate

a palpable defect by which the court and the parties ... have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*

Plaintiff's motion does not satisfy the requirements of Rule 7.1(h). Rather, Plaintiff's motion makes a new argument, misconstrues the facts, and rehashes arguments previously made. For example, Plaintiff now argues that the 2013 pricing agreement expired prior to the shipment at issue. This is a new argument made for the first time in Plaintiff's motion for reconsideration. The basis for the argument comes from language in Defendant's shipping guide, which has been available to Plaintiff since at least since March 1, 2016. (*See* Dkt. 11-6.) Because Plaintiff could have made this argument before the Court issued the partial summary judgment order, this argument is not appropriately made in a motion for reconsideration and the Court need not address it.[1] *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued"); *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("a motion for reconsideration is not properly used as a vehicle ... to advance positions that could have been argued earlier but were not").

Plaintiff also argues that the Court erred by noting that "the rate quotations for the 2014 shipment included the same discount tariff series number, 'ABF646,' as listed in the

---

[1]Even if the Court considered the merits of the argument, however, Plaintiff would nevertheless fail to demonstrate a palpable defect by which the Court or parties were misled. The shipping guide merely states that Defendant "reserves the right to discontinue your Specific Account Pricing, without further notice, if it is not used during any continuous 120-day period." (Dkt. 11-6, at 18.) Even if Defendant reserved the right to terminate the pricing agreement between the parties, there is no evidence that Defendant exercised (or even attempted to exercise) this right.

2013 agreements." (Dkt. 32, at 6.) Plaintiff argues that, in fact, a different rate number was utilized for the 2014 shipment, and points to the "rate tariff" number, "ABF504." Plaintiff is mistaken. Immediately to the right of the rate tariff number is the discount tariff series number, "ABF646"—the same number listed in the 2013 agreements and related communications. (*See*, *e.g.*, Dkt. 11-4; Dkt. 11-9; Dkt. 11-10.) The Court did not misstate the facts and Plaintiff has failed to demonstrate a palpable defect by which the Court was misled.

Finally, Plaintiff again argues that Defendant initially used a different account number for Plaintiff, thus demonstrating that the 2013 pricing agreements should not apply. The Court already addressed and rejected this argument (*see* Dkt. 32, at 6 n.5), and "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments." *Smith*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

Plaintiff alternatively requests that the Court certify the June 9 order for immediate appeal pursuant to 28 U.S.C. § 1292(b). Under 28 U.S.C. § 1292(b), certification for appeal is appropriate if the Court is of the opinion that its interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." As observed by the Sixth Circuit, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

This is not the exceptional case where such review should be granted. "[W]hat the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals can decide quickly and cleanly without having to study the record." *Biegas v. Quickway Carriers, Inc.*, No. 05-73616, 2007 WL

3

1675140, at *2 (E.D. Mich. June 11, 2007) (internal quotation marks omitted). The Court's June 9 opinion and order decided whether the parties had agreed in advance of the 2014 shipment to limit Defendant's liability for the shipment. This is not an "abstract legal issue" or one of "pure" law; rather, any review of the Court's grant of partial summary judgment to Defendant on this issue would necessarily entail a thorough review of the case's factual record. In addition, the Court is not convinced that there is substantial ground for difference of opinion on the issue, nor that an immediate appeal from the June opinion and order will materially advance the ultimate termination of this litigation.

Accordingly, Plaintiff's motion for reconsideration and request in the alternative to certify the June 9, 2016 opinion and order for immediate appeal are DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 17, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager